Mark L. Stermitz
CROWLEY FLECK PLLP
305 S. 4th Street E., Suite 100
P. O. Box 7099
Missoula, MT 59807-7099
Telephone: (406) 523-3600
Fax: (406) 523-3636
mstermitz@crowleyfleck.com

Peter J. Schaumberg, *pro hac vice* pending
James M. Auslander, *pro hac vice* pending
BEVERIDGE & DIAMOND, P.C.
1350 I St., N.W., Suite 700
Washington, DC 20005
Phone: (202) 789-6043
pschaumberg@bdlaw.com
jauslander@bdlaw.com

*Attorneys for National Mining Association*

**FILED**

JUN 29 2017

Clerk, U.S District Court
District Of Montana
Missoula

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY, et al., <br><br> and <br><br> THE NORTHERN CHEYENNE TRIBE, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al. <br><br> Federal Defendants, | Cause No. CV 17-30-BMM <br><br><br><br> **NATIONAL MINING ASSOCIATION'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE** |

1

| THE STATE OF WYOMING, |
|---|
| Defendant-Intervenor. |

## INTRODUCTION

Plaintiffs in both consolidated cases seek to enjoin federal coal leasing. The National Mining Association ("NMA") is the pre-eminent national trade association for America's mining industry, and its members include federal coal lessees, producers, transporters, and consumers nationwide. NMA respectfully requests leave to intervene in support of the Federal Defendants to ensure that the coal leasing program within the United States continues without needless disruption and significant harm. Counsel for NMA has conferred with counsel for each party in this matter, and no party opposes NMA's intervention. Further, the established case schedule (jointly requested by the parties on May 30, 2017, and entered by the Court on June 2, 2017) expressly contemplates NMA's participation in this case.

The Court should grant this motion for similar reasons as in its May 30, 2017, Order granting the State of Wyoming's motion to intervene. As that Order explained:

> The State of Wyoming contains a number of coal leases that would be affected by the coal moratorium and potential injunction at issue in this case. (Doc. 26 at 3.) The State of Wyoming also occupies a different position than that of the United States on the basis that the State of Wyoming has unique interests as a high volume coal producing state. *Id.* at 10-12. The Applicant meets the standard for intervention as of right.

Even more directly affected by this case, NMA's members are federal coal lessees and applicants, whose leases and operations would be adversely impacted if the Federal Defendants were not to prevail. Moreover, the United States, individual states, and private parties to this case do not represent private coal industry interests. Thus, NMA presents compelling circumstances for intervention as of right. Alternatively, the Court should grant permissive intervention. NMA will fully comply with all terms of the Court's June 2nd scheduling Order.

## ARGUMENT

### I. NMA IS ENTITLED TO INTERVENE AS OF RIGHT.

Under Federal Rule of Civil Procedure 24(a)(2), a party moving to intervene as of right in a case must timely show that it has "an interest relating to the property or transaction that is the subject of the action," that it "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and that existing parties may "inadequately represent that interest." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc); *Montana Elders for a Livable Tomorrow v. U.S. Office of Surface Mining*, No. CV 15-106-M-DWM, 2015 WL 12748263, at *1 (D. Mont. Dec. 11, 2015).

"[T]he requirements are broadly interpreted in favor of intervention," *Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 897

3

(9th Cir. 2011), and the Court's "review is guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Further, private parties satisfying Rule 24 clearly may intervene in National Environmental Policy Act ("NEPA") cases. *Wilderness Soc'y*, 630 F.3d at 1176, 1180 (unequivocally overturning the "so-called 'federal defendant' rule" which had categorically prohibited private party intervention in NEPA cases).

NMA meets all requirements for intervention as of right: (1) this case was only recently filed and allowing NMA to join will cause no prejudice or delay; (2) NMA has significant protectable interests at stake in the litigation; (3) NMA's interests would be practically and seriously impaired by Plaintiffs' sought relief; and (4) the existing Federal Defendants cannot adequately represent the industry-specific interests of NMA and its members. Indeed, this Court and other courts have granted NMA intervention in prior challenges by some of the same Plaintiffs regarding federal coal leases. *See, e.g., Wildearth Guardians v. Klein*, No. 14-13, Dkt. 58 (D. Mont., May 12, 2014) (NEPA challenge to mining plan modification approval); *Wildearth Guardians v. Jewell*, 738 F. 3d 298 (D.C. Cir. 2013) (NEPA challenge to leasing decision).

4

A.  **NMA's Motion to Intervene is Timely.**

NMA's motion precedes all deadlines in the Court's June 2, 2017 scheduling Order, including the time to file responsive pleadings. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (motion to intervene timely when filed prior to answer and any proceedings). Because NMA will fully comply with that Order, intervention will not cause any delay or prejudice other parties' pursuit of their claims or defenses. *See id.* (no prejudice where motion filed before any substantive court rulings); *Guardians v. Hoover Montana Trappers Ass'n*, No. CV 16-65-M-DWM, 2016 WL 7388316, at *2 (D. Mont. Dec. 20, 2016) (no prejudice where intervenor "would be able to follow the same briefing schedule assigned other parties"); *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (delay is "the only prejudice that is relevant"). NMA's promptly filed motion to intervene is timely.

B.  **NMA Has a Significant Protectable Interest in the Litigation, Threatened by Plaintiffs' Requested Relief.**

Consistent with the several federal coal mining cases where NMA has intervened, NMA readily satisfies the related impairment of interest factors under Rule 24 to intervene here. A party "'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc'y*, 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). "Rule 24(a)(2)

5

not require a specific legal or equitable interest," but aims to achieve a comprehensive resolution "by involving as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc'y*, 630 F.3d at 1179 (citing *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir.1980)). "[T]he relevant inquiry is whether the [outcome] 'may' impair rights 'as a practical matter' rather than whether the [outcome] will 'necessarily' impair them." *United States v. City of Los Angeles*, 288 F.3d 391, 401 (9th Cir. 2002) (quoting Fed. R. Civ. P. 24(a)(2)).

Here, "NMA is the national trade organization for the mining industry, and the only national organization representing mining interests, which indisputably extend to the availability and regulation of coal leasing on federal lands." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 15 (D.D.C. 2010) (granting NMA intervention in challenge to federal authorization of coal leasing on certain public lands). Because NMA represents every major coal company operating in the United States, "its membership includes the universe of entities" facing injury from the "broad-based" injunction that Plaintiffs ask this Court to issue on federal coal leasing. *Id.* at 16. Specifically, "the breadth of Plaintiffs' challenge may very well have practical implications for the approval of those applications" pending now or in the future. *Id.*

To be sure, the impact of granting Plaintiffs' injunction would be felt nationwide. It would immediately deprive NMA members of the opportunity for additional leasing of federal coal reserves (and, by extension, mining and manufacturing of post-mining products). That preclusion would continue for an extended, indefinite period of time. This loss would have serious financial consequences for NMA members who produce coal, manufacture machinery and supplies for the coal industry, transport product, or are otherwise involved in coal production and use. The consumers of coal also would face economic harm. An adverse decision enjoining federal coal leasing and commencing a new programmatic NEPA process would also create significant regulatory uncertainty, including for existing operations, which alone would impair the interests of NMA's members. *See WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010) (impairment may occur "[w]here a decision in the plaintiff[s'] favor would return the issue to the administrative decision-making process").

Thus, NMA has "an organizational interest—and its members a financial one—" in the outcome of this litigation, which could impair NMA's ability to "protect it and its members' interests." *See Guardians*, 2016 WL 7388316, at *2. By contrast, if the Federal Defendants prevail, NMA and its members will not suffer the financial or regulatory disruption of a nationwide injunction, and will

7

maintain the ability to seek additional development opportunities. The Secretary will continue to make actual leasing decisions on a case-by-case basis, and subject all such decisions to appropriate NEPA review. Because an injunction in this matter would impair NMA's protectable interests, and because that harm would be avoided if the status quo is maintained, the Court should grant NMA intervention as of right.

### C. Other Parties Cannot Adequately Represent NMA's Interests.

"A party seeking to intervene has a minimal burden to show that interests may be inadequately represented." *Wildlands CPR Inc. v. U.S. Forest Serv.*, No. CV 10-104-M-DWM, 2011 WL 578696, at *2 (D. Mont. Feb. 9, 2011) (citing *Trobovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). Moreover, "it is well-established that governmental entities generally cannot represent the 'more narrow and parochial financial interest' of a private party." *Wildearth Guardians*, 272 F.R.D. at 15, 17 (federal government and State of Wyoming did not adequately represent NMA) (internal citation omitted). This is true regardless if government and private parties in litigation "share the same ultimate objective" or "occupy the same posture." *Guardians*, 2016 WL 7388316 at *2 (internal citations omitted).

As addressed above, NMA has a unique interest in continuation of the federal coal leasing program. The business interests of NMA's members in

preventing interruption of the program do "not belong to the general public," whose interests are instead served by the Federal Defendants. *See Montana Elders for a Livable Tomorrow*, 2015 WL 12748263, at *1. The federal and state governmental parties cannot speak for NMA's interests in defending against Plaintiffs' NEPA claims or requested injunction. *Wilderness Soc'y*, 630 F.3d at 1180 ("the reality is that NEPA cases frequently pit private, state, and federal interests against each other"). Finally, Plaintiffs do not adequately represent NMA's interests because their legal position and sought relief in this case are adverse to NMA. *See United States v. Stringfellow*, 783 F.2d 821, 828 (9th Cir. 1986) (adverse party cannot adequately represent proposed intervenor's interests). NMA's intervention will ensure adequate protection of the coal industry's interests in this case.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD USE ITS DISCRETION TO PERMIT NMA TO INTERVENE.

If the Court denies intervention as of right, it should permit NMA to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."). NMA will defend against the central legal claims and sought relief in this litigation. As explained above, intervention early in this litigation also will not "unduly delay or prejudice" existing parties. *See* Fed. R. Civ. P. 24(b)(3). Intervention here will

especially "contribute to the equitable resolution of the case" given the "magnitude" of the impacts on "large and varied interests" if Plaintiffs' injunction were granted. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002). Thus, at a minimum, NMA should be granted permissive intervention.

## CONCLUSION

NMA has a significant interest in the continued federal coal leasing program, which would be seriously harmed by the broad-based injunction that Plaintiffs seek in this case. The Court should grant NMA's motion to intervene as of right under Rule 24(a)(2). In the alternative, the Court should grant permissive intervention pursuant to Rule 24(b)(1)(B).

DATED this 28th day of June, 2017.

CROWLEY FLECK PLLP

By _____
*Attorneys for National Mining Association*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2) of the United States Local Rules, I certify that this Memorandum contains 1,882 words, excluding caption and certificates of service and compliance, printed in at least 14 points and is double spaced, including for footnotes and indented quotations.

DATED this 29th day of June, 2017.

                CROWLEY FLECK PLLP

By _____
      *Attorneys for National Mining Association*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 29th day of June, 2017:

|  |  |
|---|---|
| \_\_\_\_\_ | CM/ECF |
| 1 | Hand Delivered |
| 2 - 14 | Mail |
| \_\_\_\_\_ | Fax |
| \_\_\_\_\_ | E-mail |

1        Clerk of U.S. District Court

2        Edward B. Zukoski
Rocky Mountain Office of Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
*Attorneys for Plaintiffs Citizens for Clean Energy, EcoCheyenne, Montana Environmental Information Center, Center for Biological Diversity, Defenders of Wildlife, Sierra Club, and Wildearth Guardians and The Northern Cheyenne Tribe*

3        Jenny Harbine
Earthjustice
313 East Main Street
Bozeman, MT 59715
*Attorneys for Plaintiffs Citizens for Clean Energy, EcoCheyenne, Montana Environmental Information Center, Center for Biological Diversity, Defenders of Wildlife, Sierra Club, and Wildearth Guardians and The Northern Cheyenne Tribe*

4        Michael A. Saul
Center For Biological Diversity - Denver
1536 Wynkoop Street, Suite 421
Denver, CO 80202
*Attorneys for Plaintiff Center for Biological Diversity*

5        Anchun Jean Su
Center For Biological Diversity - Oakland
1212 Broadway, Suite 800

|    |    |
|----|----|
|    | Oakland, CA 94612<br>*Attorneys for Plaintiff Center for Biological Diversity* |
| 6  | Joshua Osborne-Klein<br>Wyatt Golding<br>Ziontz Chestnut Varnell Berley & Slonim<br>2101 Fourth Avenue, Suite 1230<br>Seattle, WA 98121<br>*Attorneys for Plaintiff The Northern Cheyenne Tribe* |
| 7  | John S. Most<br>U.S. Department of Justice-DC-7611<br>P.O. Box 7611<br>Environment & Natural Resources Division<br>Washington, DC 20044-7611<br>*Attorney for Defendants U.S. Department of the Interior, U.S. Secretary of the Interior, and U.S. Bureau of Land Management* |
| 8  | David C. Dalthorp<br>Jackson, Murdo & Grant, P.C.<br>203 N Ewing Street<br>Helena, MT 59601-4298<br>*Attorneys for Intervenor-Defendant State of Wyoming* |
| 9  | Elizabeth Morrisseau<br>Erik Edward Petersen<br>Wyoming Attorney General's Office<br>2320 Capitol Avenue<br>Cheyenne, WY 82002<br>*Attorneys for Intervenor-Defendant State of Wyoming* |
| 10 | Roger Sullivan<br>Dustin Leftridge<br>McGarvey, Heberling, Sullivan & Lacey, P.C.<br>345 1st Ave. E.<br>Kalispell, Montana 59901-5341<br>*Attorneys for Plaintiffs State of California and State of New Mexico* |
| 11 | Xavier Becerra<br>Attorney General of California |

David Zonana
Supervising Deputy Attorney General
George Torgun
Elizabeth B. Rumsey
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612-0550
*Attorneys for Plaintiff State of California*

Hector Balderas
Attorney General of New Mexico
Bill Grantham
Assistant Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
*Attorneys for Plaintiff State of New Mexico*

Eric T. Schneiderman
Attorney General of New York
Yueh-Ru Chu
Assistant Attorney General
Office of the Attorney General
Environmental Protection Bureau
120 Broadway, 26th floor
New York, New York 10271
*Attorneys for Plaintiff State of New York*

Robert W. Ferguson
Attorney General, State of Washington
William R. Sherman
Assistant Attorney General
800 5th Ave Suite 2000, TB-14
Seattle, WA 98104-3188
*Attorneys for Plaintiff State of Washington*

By _____
*Attorneys for National Mining Association*