JEFFREY H. WOOD, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JOHN S. MOST, Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for Federal Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

_____

CITIZENS FOR CLEAN ENERGY *et al.*

    and

THE NORTHERN CHEYENNE TRIBE,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR *et al.*

      Federal Defendants,

    and

STATE OF WYOMING *et al.*,

    Intervenor-Defendants.
_____

STATE OF CALIFORNIA *et al.*

    v.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV 17-30-BMM
(lead case)

**FEDERAL DEFENDANTS'
ANSWER TO THE
COMPLAINT IN
CV 17-30-BMM**

CV 17-42-BMM
(consolidated case)

| | |
|---|---|
| UNITED STATES DEPARTMENT OF THE INTERIOR *et al.* | ) ) ) |
| | ) |
| Federal Defendants. | ) ) |
| _____ | ) |

Federal Defendants in these consolidated actions hereby respond to the allegations of the Complaint for Declaratory Judgment and Injunctive Relief, ECF No. 1 ("Complaint"), as filed by Citizens for Clean Energy *et al.* and the Northern Cheyenne Tribe ("Tribe") in this lead action, number CV 17-30-BMM.   The numbered paragraphs herein correspond to the numbered paragraphs of the Complaint.

1.      The allegations of the first sentence of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.  Federal Defendants deny the allegations of the second sentence and aver that Secretarial Order No. 3338, which was revoked by the Secretarial Order challenged in this case (No. 3348), was not issued to ensure that the leasing program operates legally. Rather, the earlier order reflected a discretionary decision, not legally-required, to prepare a Programmatic Environmental Impact Statement ("PEIS") in accord with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m, for the purpose of identifying and analyzing potential leasing and management reforms for the federal coal program.  *See* Federal Coal Program, PEIS - Scoping

Report, https://eplanning.blm.gov/epl-front-office/eplanning/planAndProjectSite.do?methodName=dispatchToPatternPage&currentPageId=93180 (last visited July 18, 2017) ("2017 scoping report").  Federal Defendants deny the allegations of the third sentence and aver that Secretarial Order 3348 does not authorize new coal leasing without environmental review.  Rather, it allows applications for leasing of federal coal to be submitted to the Bureau of Land Management ("BLM") and to be processed in accordance with law, which includes a requirement that BLM conduct NEPA analysis before any new leases are offered for sale.  *See* 43 C.F.R. § 3425.3(a) ("Before a lease sale may be held under this subpart, the authorized officer shall prepare an environmental assessment or environmental impact statement of the proposed lease area in accordance with 40 CFR parts 1500 through 1508.").  Federal Defendants deny the allegations of the fourth sentence.

2.      In response to the allegations of the first sentence of this paragraph, Federal Defendants admit: (i) that in 1979, BLM completed a programmatic environmental impact statement ("1979 PEIS") to support its decision to adopt a new set of federal regulations under the Mineral Leasing Act of 1920 ("MLA"), 30 U.S.C. §§ 181-287, which regulations established the modern federal coal program; (ii) that in 1985, BLM prepared a supplement to the 1979 PEIS, to support its decision to adopt amendments to the regulatory scheme; and (iii) that no

significant regulatory reform of the sort that would demand a supplement to the 1979 PEIS or the 1985 supplemental PEIS has occurred since 1985. *See W. Org. of Res. Councils,* 124 F. Supp. 3d at 11 (ordering dismissal of action seeking supplementation of the 1979 PEIS based in part on the lack of an "underlying 'proposed action' . . . to trigger an obligation to supplement the 1979 [PEIS] because the federal coal management program has been implemented"). The remaining allegations of the first sentence and of the second, third and fourth sentences are vague, conclusory, or speculative and are therefore denied. Federal Defendants deny the allegations of the fifth sentence and admit that they have not undertaken the sort of review Plaintiffs urge because it is not required by law.

3.      Federal Defendants deny the allegations of the first and second sentences of this paragraph. The allegations of the third and fourth sentences are vague, conclusory, or speculative and are therefore denied.

4.      Federal Defendants deny the allegations of the first sentence of this paragraph and admit that then-Secretary Jewell made a discretionary decision, not legally-required, to place a temporary "pause" on most new coal leasing and to prepare a PEIS in accord with NEPA, for the purpose of identifying and analyzing potential leasing and management reforms for the federal coal program. The allegations of the second sentence purport to characterize Secretarial Order 3338, which speaks for itself and provides the best evidence of its contents. Any

allegations contrary to the plain language, meaning, and context of the order are denied.

5.      Federal Defendants deny the allegations of the first sentence of this paragraph and admit that Secretary Zinke issued Secretarial Order 3348.  The remaining allegations of the first sentence purport to characterize Secretarial Order 3348, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the order are denied.  Federal Defendants deny the allegations of the second sentence.

6.      Federal Defendants deny the allegations of this paragraph.

7.      The allegations of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.

8.      The allegations of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.

9.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

10.      The allegations of this paragraph consist of legal conclusions, to which no response is required.

11.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

12.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

13.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on this basis deny them.

14.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, third, fourth, and fifth sentences of this paragraph and on this basis deny them.  The allegations of the first portion of the sixth sentence (through the word "process") are vague and are therefore denied.  Federal Defendants admit the allegations of the remaining portions of the sixth sentence.

15.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, third, fourth, and fifth sentences of this paragraph and on this basis deny them.   The allegations of the sixth sentence constitute Plaintiffs' characterization of their case, to which no response is required.

16.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, and third sentences of this paragraph and on this basis deny them.   Federal Defendants admit the

6

allegations of the fourth and fifth sentences.  Federal Defendants deny the

allegations of sixth sentence and admit that Plaintiff Sierra Club submitted scoping

comments and thousands of letters from members and supporters in connection

with BLM's efforts to complete a PEIS.

17.    Federal Defendants lack knowledge and information sufficient to form

a belief as to the truth of the allegations of this paragraph and on this basis deny

them.

18.    Federal Defendants admit the allegations of the first sentence of this

paragraph.  Federal Defendants lack knowledge and information sufficient to form

a belief as to the truth of the allegations of the second, third, fourth, fifth, and sixth

sentences and on this basis deny them.

19.    Federal Defendants lack knowledge and information sufficient to form

a belief as to the truth of the allegations of this paragraph and on this basis deny

them.

20.    Federal Defendants lack knowledge and information sufficient to form

a belief as to the truth of the allegations of this paragraph and on this basis deny

them.

21.    The allegations of this paragraph consist of legal conclusions, to

which no response is required.  To the extent that a response is required, the

allegations are denied.

7

22.    Federal Defendants admit the allegations of this paragraph.

23.    Federal Defendants admit the allegations of this paragraph.

24.    Federal Defendants admit the allegations of this paragraph.

25.    The allegations of this paragraph purport to characterize NEPA implementing regulations and judicial case law, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited regulations or case law are denied.

26.    The allegations of this paragraph purport to characterize NEPA and judicial case law, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA or the cited case law are denied.

27.    The allegations of this paragraph purport to characterize NEPA, its implementing regulations, and judicial case law, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA, the cited regulations, or case law are denied.

28.    The allegations of this paragraph purport to characterize NEPA and judicial case law, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of NEPA or the cited case law are denied.

29.     The allegations of this paragraph purport to characterize one of NEPA's implementing regulations and judicial case law, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited regulation or case law are denied.

30.     The allegations of this paragraph purport to characterize the MLA and the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701-1787, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

31.     The allegations of this paragraph purport to characterize the MLA and FLPMA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

32.     Federal Defendants admit the allegations of this paragraph.

33.     Federal Defendants admit the allegations of the first, third, and fourth sentences of this paragraph.  Federal Defendants deny the allegations of the second sentence and admit that ownership of the surface estates varies and includes BLM, other federal agencies, state and local governments, and private landowners. Federal Defendants deny the allegations of the fifth sentence and admit that

Secretarial Order 3338 notes that federal coal reserves currently under lease are estimated to be sufficient to continue production at current levels for twenty years.

34.     In response to the allegations of the first sentence of this paragraph, Federal Defendants admit: (i) that, in 1979, BLM completed the 1979 PEIS to support its decision to adopt a new set of federal regulations under the MLA, which regulations established the modern federal coal program; (ii) that, in 1985, BLM prepared a supplement to the 1979 PEIS, to support its decision to adopt amendments to the regulatory scheme; and (iii) that no significant regulatory reform of the sort that would demand a supplement to the 1979 PEIS or the 1985 supplemental PEIS has occurred since 1985.  The remaining allegations of the first sentence are vague, conclusory, or speculative and are therefore denied.  The allegations of the second and third sentences purport to characterize the 1979 PEIS, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 1979 PEIS are denied.

35.     Federal Defendants admit that in 1973, the Secretary issued Secretarial Order 2952; the remaining allegations of the first sentence and the second sentence purport to characterize Secretarial Order 2952 and Secretarial Order 3338, which speak for themselves and provide the best evidence of their

contents.  Any allegations contrary to the plain language, meaning, and context of the orders are denied.

36.    The allegations of this paragraph purport to characterize Secretarial Order 3338, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the order are denied.

37.    The allegations of the first, third, fourth, and fifth sentences of this paragraph are vague, conclusory, or speculative and are therefore denied.  Federal Defendants deny the allegations of the second sentence and admit that combustion of federal coal accounts for roughly fourteen percent of annual U.S. carbon dioxide emission and roughly ten percent of total U.S. greenhouse gas emissions.

38.    The allegations of the first sentence of this paragraph are vague, conclusory, or speculative and are therefore denied.  The allegations of the second sentence purport to characterize a 2015 United States submission to United Nations Secretariat entitled "Intended Nationally Determined Contribution," which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of this submission are denied.   Federal Defendants deny the allegations of the third sentence and admit that they have not undertaken the sort of review Plaintiffs urge because it is not required by law.

39.     The allegations of the first sentence of this paragraph are vague,

conclusory, or speculative and are therefore denied.  The allegations of the second

sentence purport to characterize a 2015 Presidential Memorandum, which speaks

for itself and provides the best evidence of its contents.  Any allegations contrary

to the plain language, meaning, and context of the memorandum are denied.

Federal Defendants deny the allegations of the third sentence and admit that they

have not undertaken the sort of review Plaintiffs urge because no circumstance in

which such review would be required has arisen.

40.     The allegations of the first, third, and fourth sentences of this

paragraph are vague, conclusory, or speculative and are therefore denied.  Federal

Defendants deny the allegations of the second sentence and admit that the activities

directly and indirectly associated with coal leasing may, but do not always, include

coal transport by rail, truck, and sea, construction and operation of infrastructure

and equipment relating to storing, shipping and processing coal, coal combustion,

and disposal of coal ash.

41.     The allegations of the first and third sentences of this paragraph are

vague and are therefore denied.  The allegations of the second sentence purport to

characterize the 2017 scoping report, which speaks for itself and provides the best

evidence of its contents.  Any allegations contrary to the plain language, meaning,

context, and depictions of the report are denied.  The allegations of the fourth

sentence purport to characterize a 2016 economic analysis by Power Consulting, Inc, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, context, and depictions of the analysis are denied.

42.     The allegations of the first sentence of this paragraph are vague or conclusory and are therefore denied. The allegations of the second sentence purport to characterize two government reports, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, context, and depictions of the reports are denied.

43.     The allegations of this paragraph are vague or conclusory and are therefore denied.

44.     Federal Defendants deny the allegations of this paragraph.

45.     Federal Defendants deny the allegations of the first and second sentences of this paragraph. The allegations of the third sentence purport to characterize Secretarial Order 3338, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the order are denied.

46.     Federal Defendants deny the allegations of the first sentence of this paragraph. The allegations of the second sentence purport to characterize Secretarial Order 3338, which speaks for itself and provides the best evidence of

its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the order are denied.  Federal Defendants deny the allegations of the third sentence and admit that the temporary "pause" on the issuance of most new coal leases put in place by Secretarial Order 3338 was effective from January 15, 2016, to March 29, 2017.

47.     The allegations of this paragraph purport to characterize Secretarial Order 3338, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the order are denied.

48.     Federal Defendants deny the allegations of the first sentence of this paragraph and admit that on March 30, 2016, BLM published the cited Federal Register Notice.  The allegations of the second sentence purport to characterize the 2017 scoping report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the report are denied.  Federal Defendants deny the allegations of the third sentence and admit (i) that, as part of the PEIS scoping process, during the summer of 2016, BLM held six public meetings in various regions of the country, attended by more than 2,000 people ; (ii) that BLM collected over 200,000 written comments, 654 of which were unique and non-duplicative; and (iii) that various

members of the Tribe and of the other plaintiff organizations expressed support for continuing the temporary "pause" on most new coal leasing.

49.     Federal Defendants deny the allegations of the first sentence of this paragraph and admit that on January 11, 2017, BLM released the 2017 scoping report.  The allegations of the second and third sentences purport to characterize this report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, context, and depictions of the report are denied.

50.     The allegations of this paragraph purport to characterize the 2017 scoping report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the report are denied.

51.     The allegations of this paragraph purport to characterize the 2017 scoping report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the report are denied.

52.     Federal Defendants deny the allegations of the first sentence of this paragraph and admit that BLM maintained a list of pending coal applications that may be affected by the coal leasing moratorium, depending on the applicability of possible exceptions.  The allegations of the second sentence purport to characterize

a February 5, 2016 BLM publication on lease application status, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the publication are denied.

53.    The allegations of this paragraph purport to characterize the BLM publication noted in paragraph 52, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, context, and depictions of the publication are denied.

54.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph and on this basis deny them. The allegations of the second sentence are vague and are therefore denied.

55.    Federal Defendants admit that on March 28, 2017, the President signed the executive order identified by Plaintiffs; the remaining allegations of this paragraph purport to characterize the executive order, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the executive order are denied.

56.    Federal Defendants admit that on March 29, 2017, Secretary Zinke issued Secretarial Order 3348; the remaining allegations of this paragraph purport to characterize that order, which speaks for itself and provides the best evidence of

its contents.  Any allegations contrary to the plain language, meaning, and context of the order are denied.

57.     Federal Defendants deny the portion of the allegation of the first sentence of this paragraph ending with "March 2, 2017," and admit as to this portion that they received the noted letter from the Tribe dated March 2, 2017.  The remaining allegations of the first sentence purport to characterize this letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of letter are denied.  Federal Defendants deny the allegations of the second sentence of this paragraph and admit: (i) that a trust relationship, defined by statute and case law, exists between the Secretary and the Tribe and that the relationship involves some fiduciary obligations not bearing on the legal questions in this case; and (ii) that the Secretary has not responded to the Tribe's March 2017 letter.

58.     Federal Defendants deny the allegations of this paragraph.

59.     Federal Defendants deny the allegations of this paragraph.

60.     Federal Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 59, above.

61.     The allegations of the first sentence of this paragraph consist of legal conclusions, to which no response is required.  Federal Defendants deny the allegations of the second sentence.

62.    Federal Defendants deny the allegations of this paragraph.

63.    Federal Defendants deny the allegations of this paragraph.

64.    Federal Defendants deny the allegations of this paragraph.

65.    Federal Defendants deny the allegations of this paragraph.

66.    Federal Defendants deny the allegations of this paragraph.

67.    Federal Defendants incorporate by reference their responses to the allegations contained in paragraphs 1 through 66, above.

68.    Federal Defendants deny the allegations of this paragraph.

69.    The allegations of this paragraph consist of legal conclusions, to which no response is required.

70.    Federal Defendants deny the allegations of this paragraph.

71.    Federal Defendants deny the allegations of this paragraph.

## RELIEF REQUESTED

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required.  To the extent a response may be deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court may lack subject matter jurisdiction over Plaintiffs' claim.

2. Plaintiffs may lack standing.

3. Plaintiffs fail to state a claim upon which relief may be granted.


Respectfully submitted this 18th day of July, 2017.

> JEFFREY H. WOOD
> Acting Assistant Attorney General
> U.S. Department of Justice
> Environment and Natural Resources Division
>
>  /s/ John S. Most
> JOHN S. MOST, Trial Attorney
> Natural Resources Section
> P.O. Box 7611, Washington, D.C. 20044
> 202-616-3353 || 202-305-0506 (fax)
> john.most@usdoj.gov
>
> *Counsel for Defendants*

Of Counsel:

Lauren A. Bachtel
Office of the Solicitor
U.S. Department of the Interior

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on July 18, 2017.

/s/ *John S. Most*
JOHN S. MOST
*Counsel for Defendants*