Jenny K. Harbine
Earthjustice
313 East Main Street
Bozeman, MT 59715
jharbine@earthjustice.org
(406) 586-9699 | Phone
(406) 586-9695 | Fax

Edward B. Zukoski (*pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
tzukoski@earthjustice.org
(303) 623-9466 | Phone
(303) 623-8083 | Fax

*Counsel for Plaintiffs*

Joshua Osborne-Klein (*pro hac vice*)
Wyatt F. Golding (*pro hac vice*)
Ziontz Chestnut
2101 Fourth Avenue, Suite 1230
Seattle, WA  98108
joshok@ziontzchestnut.com
(206) 448-1230 | Phone
(206) 448-0962 | Fax

*Counsel for Plaintiff Northern
Cheyenne Tribe*

Michael Saul (*pro hac vice*)
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
MSaul@biologicaldiversity.org
(303) 915-8308 | Phone

Anchun Jean Su (*pro hac vice*)
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
jsu@biologicaldiversity.org
(510) 844-7100 | Phone
(510) 844-7150 | Fax

*Counsel for Plaintiff
Center for Biological Diversity*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY, et al., <br>     Plaintiffs, <br> and <br> THE NORTHERN CHEYENNE TRIBE, <br>     Plaintiff, <br>    v. <br> U.S. DEPARTMENT OF THE INTERIOR, et al., <br>     Defendants, <br> and <br> STATE OF WYOMING, et al., <br>     Defendant-Intervenors. | Case No. 4:17-cv-30-BMM <br><br> **PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR RECONSIDERATION** |
| STATE OF CALIFORNIA, et al., <br>     Plaintiffs, <br>    v. <br> U.S. DEPARTMENT OF THE INTERIOR, et al., <br>     Defendants, <br> and <br> STATE OF WYOMING, et al., <br>     Defendant-Intervenors. | Case No. 4:17-cv-42-BMM <br> (consolidated case) |

Plaintiffs Northern Cheyenne Tribe and Citizens for Clean Energy, et al., oppose reconsideration of this Court's order [Doc. 85] granting their motion to supplement the administrative record with lease-specific environmental analyses. In support of their request for partial reconsideration, Federal Defendants misstate the law, seek to rewrite Plaintiffs' claims and their own defense, fail to address contrary precedent from this very Court, and mischaracterize this Court's order requiring supplementation. Their efforts fail, however, to undermine this Court's proper determination that supplementing the administrative record is appropriate to allow this Court to consider lease-specific environmental analyses—the so-called "Category 3" documents—that Federal Defendants' themselves invoked to justify their decision to revoke the federal coal leasing moratorium without first undertaking environmental review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h. Federal Defendants' motion for reconsideration should be denied.

## ARGUMENT

This Court did not err in requiring Federal Defendants to supplement the administrative record and its order should be maintained. Federal Defendants offer two arguments in support of their motion for reconsideration, both of which lack merit. First, Federal Defendants assert that supplementing the administrative record under the "relevant factors" exception is inappropriate for claims arising

1

under section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), which Federal Defendants argue applies to Plaintiffs' second cause of action. This argument cannot support Federal Defendants' efforts to exclude lease-specific environmental analyses from the record in this case for several reasons, most glaringly because judicial review in section 706(1) cases is not limited to an administrative record at all. Therefore, even if Federal Defendants' characterization of Plaintiffs' second cause of action were correct, it would not provide a legitimate basis for precluding judicial review of lease-specific environmental analyses. Second, Federal Defendants argue that these documents should be excluded because Plaintiffs and this Court failed to identify any "relevant factors" that Federal Defendants overlooked. To the contrary, this Court properly recognized that judicial review of such documents is necessary to determine whether Federal Defendants considered all relevant factors when they asserted the adequacy of lease-specific environmental analyses to justify their refusal to prepare a programmatic environmental impact statement ("PEIS"). Accordingly, Federal Defendants' motion for reconsideration should be denied.

I.  **FEDERAL DEFENDANTS' ERRONEOUS CLAIM THAT PLAINTIFFS MISCHARACTERIZED THEIR SECOND CAUSE OF ACTION DOES NOT SUPPORT RECONSIDERATION**

Federal Defendants argue that this Court committed manifest error by applying the "relevant factors" exception to supplement the administrative record

in this case because, according to Federal Defendants, one of Plaintiffs' two causes of action is not subject to the exception.  See Fed. Defs.' Mot for Reconsideration, at 3, 6-9.  Plaintiffs alleged in their first cause of action that Federal Defendants' issuance of Secretarial Order 3348 ending the federal coal leasing moratorium was a "major Federal action[]" that opened the door to significant environmental consequences, and therefore required preparation of a PEIS.  Compl., First Claim for Relief, ¶¶ 61-64 [Doc. 1] (citing 42 U.S.C. § 4332(2)(C)).  Plaintiffs' second cause of action similarly challenged Secretarial Order 3348, alleging that in the alternative to preparing a PEIS on the decision to revoke the federal coal leasing moratorium, Federal Defendants were required to complete a supplement to the PEIS they prepared in 1979, in order to evaluate "significant new circumstances" arising since that time.  Id., Second Claim for Relief, ¶¶ 68-70 (citing 40 C.F.R. § 1502.9(c)(1)(ii)).

Federal Defendants claim that Plaintiffs' second cause of action—the supplementation claim—properly arises under APA section 706(1), under which the Court considers whether an agency has failed to take "legally required" action, rather than under section 706(2), under which the Court considers whether an agency acted arbitrarily or failed to consider all relevant factors in taking final agency action.  Fed. Defs.' Mot for Reconsideration, at 3.  Under Federal

3

Defendants' theory, the "relevant factors" exception would be inapplicable to Plaintiffs' second cause of action. Id. at 5. However, this theory is wrong.

First, even if Federal Defendants were correct that Plaintiffs' supplementation claim should have been pleaded under APA section 706(1)—and they are not, as described below—this circumstance would not justify omitting lease-specific environmental analyses from the record for this Court's review for the fundamental reason that <u>judicial review under section 706(1) is not limited to an administrative record at all</u>. Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000) (holding in section 706(1) case that "review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record"). As the D.C. district court has explained:

> [A] challenge to final agency action judicial review is ordinarily limited to the administrative record at the time of the agency's decision, but that is not the case in a challenge to an agency's <u>failure</u> to act. … [I]f an agency fails to act, there is no 'administrative record' for a federal court to review.

W. Watersheds Project v. Pool, 942 F. Supp. 2d 93, 100–01 (D.D.C. 2013) (quotations omitted; emphasis original); see also WildEarth Guardians v. U.S. Fed. Emergency Mgmt. Agency, No. CV 10-863-PHX-MHM, 2011 WL 905656, at *2 (D. Ariz. Mar. 15, 2011) (stating "[t]he Ninth Circuit's treatment of record supplementation in failure-to-act cases strongly suggests that failure to act cases

4

are themselves an independent exception to the record review rule;" citing Indep. Min. Co. v. Babbitt, 105 F.3d 502, 505, 511 (9th Cir. 1997)). Accordingly, if this Court were to review Plaintiffs' second cause of action under APA section 706(1), it could properly consider the lease-specific environmental analyses at issue in Plaintiffs' supplementation motion even without applying the "relevant factors" exception to the record review rule.

Additionally, although it is unnecessary for this Court to address the nature of Plaintiffs' supplementation claim to resolve the instant motion, Plaintiffs are compelled to respond the Federal Defendants' repeated accusations that Plaintiffs "mischaracterize[d]" this claim. Fed. Defs.' Mot. for Reconsideration, at 8; see id. at 7 (alleging that "Count Two attempts to artificially link the supplementation claims with the decision to lift the moratorium"); Fed. Defs.' Mot. for Leave, at 3, 4 [Doc. 94] (alleging Plaintiffs' "misbrand[ed] their claim"). Plaintiffs' supplementation claim arises under APA section 706(2) because it challenges Secretarial Order 3348, a final "agency action" terminating the federal coal leasing moratorium. 5 U.S.C. § 706(2). Courts routinely review such claims that NEPA required preparation of a supplemental EIS prior to final agency action under section 706(2), rather than section 706(1). See, e.g., Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 376 (1989) (holding that review of whether an agency determination that an EIS "need not be supplemented should be set aside is

5

controlled by the 'arbitrary and capricious' standard of § 706(2)(A)"); Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836, 853 (9th Cir. 2013) (reviewing challenge to final agency action without preparation of a supplemental EIS under § 706(2)); Russell Country Sportsmen v. U.S. Forest Serv., 668 F.3d 1037, 1041, 1044 (9th Cir. 2011) (same).[1] Contrary to Federal Defendants' contention, Plaintiffs properly pleaded their second cause of action under APA section 706(2).

Federal Defendants' argument also fails because the "relevant factors" exception indisputably applies to documents related to Plaintiffs' first cause of action, which alleges that Federal Defendants violated NEPA by revoking the federal coal leasing moratorium without evaluating the environmental impacts—including climate change impacts—in a PEIS. See Compl., First Claim for Relief, ¶¶ 61-64 [Doc. 1]. Instead, Federal Defendants erroneously suggest that the lease-specific environmental analyses relate solely to Plaintiffs' supplementation claim, and they fail to address the remainder of Plaintiffs' complaint. Fed. Defs.' Mot.

---

[1] Unlike the plaintiffs in Western Organization of Resource Councils v. Jewell, cited by Federal Defendants, Plaintiffs in this case do not allege that a supplemental EIS is necessary to evaluate the impacts of Federal Defendants' ongoing implementation of a past action, but instead argue that a supplemental EIS is necessary to evaluate the program-level environmental impacts of a specific, new agency action: Secretarial Order 3348, which revoked the moratorium. W. Org. of Res. Councils v. Jewell, 124 F. Supp. 3d 7, 11 (D.D.C. 2015) (rejecting plaintiffs' supplementation claim because "[t]here is no underlying 'proposed action' in this case to trigger an obligation to supplement the 1979 EIS"), appealed sub nom. W. Org. of Res. Councils v. Zinke, No. 15-5294 (D.C. Cir. Oct. 28, 2015).

for Reconsideration, at 3.[2]  In contrast with this argument on reconsideration, Federal Defendants acknowledged in their briefing on the motion to supplement the administrative record that "Plaintiffs no doubt seek them to attempt to bolster arguments in the merits phase that a programmatic EIS is required," i.e., to support Plaintiffs' First Cause of Action.  Fed. Defs.' Opp. to Mot. to Supplement, at 12 [Doc. 78].  Federal Defendants' revisionist suggestion that lease-specific environmental analyses relate to Plaintiffs' supplementation claim and not their PEIS claim should be rejected.

    Federal Defendants provide no legitimate basis for excluding lease-specific environmental analyses from the record because of the nature of Plaintiffs' second cause of action.

---

[2] Federal Defendants' assertion that Plaintiffs' motion to supplement argued "the Court must consider these documents for Count Two" is false.  Fed. Defs.' Mot. for Reconsideration, at 3 (citing Pls.' Br. in Supp. of Mot. to Supplement, at 27 [Doc. 76]).  Plaintiffs actually argued that "[r]eview of the analyses themselves is essential to this Court's evaluation of 'the integrity of the agency's analysis' and determination of whether Federal Defendants' reliance on lease-specific documents to justify their failure to prepare a PEIS was arbitrary."  Pls.' Br. in Supp. of Mot. to Supplement, at 27 [Doc. 27].  Plaintiffs' second cause of action relates to significant new information that has come to light since the 1979 PEIS that requires supplementation of that analysis, and does not depend on the sufficiency or insufficiency of subsequent, lease-specific environmental review documents.  Compl., Second Claim for Relief, ¶¶ 68-70 [Doc. 1].

## II. THE COURT PROPERLY FOUND THAT THE RECORD SHOULD CONTAIN LEASE-SPECIFIC ENVIRONMENTAL ANALYSES TO DETERMINE WHETHER FEDERAL DEFENDANTS CONSIDERED ALL RELEVANT FACTORS

Federal Defendants' alternative argument that the Court manifestly erred by failing to identify any "relevant factor" that Federal Defendants overlooked in revoking the coal-leasing moratorium also fails to support reconsideration. Fed. Defs.' Mot. for Reconsideration, at 9-11. This Court properly determined that lease-specific environmental analyses should be made part of the record in order to enable consideration of whether Federal Defendants considered all relevant factors, particularly because Federal Defendants themselves relied on such analyses to justify their action. Order, at 11 [Doc. 85].

The essential question in this case is whether Federal Defendants violated NEPA by issuing Secretarial Order 3348, which terminated the coal-leasing moratorium, without first preparing a PEIS to evaluate the coal program's direct, indirect, and cumulative impacts—including the impacts of climate change—and alternatives to avoid or minimize those impacts. 42 U.S.C § 4332(2)(C). Even when an agency will also prepare EISs on site-specific decisions, programmatic-level environmental review may also be required to avoid sidestepping of cumulative program effects. Kleppe v. Sierra Club, 427 U.S. 390, 400 (1976) (recognizing need for a PEIS for adoption of the federal coal program because it "is a coherent plan of national scope, and its adoption surely has significant

8

environmental consequences"); City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir. 1985) ("Where there are large-scale plans for regional development, NEPA requires both a programmatic and a site-specific EIS.").

Federal Defendants' rationale for terminating the moratorium was based in part on the purported adequacy of lease-specific environmental analyses to obviate the need for programmatic-level review. Specifically, Federal Defendants claimed that, "[c]urrently, the environmental analysis conducted to comply with NEPA for individual leasing actions appropriately analyzes impacts on climate change as required by existing guidance and judicial decisions," and thus programmatic review would be "duplicative." AR 18. This was a departure from Federal Defendants' earlier acknowledgment of the critique "that the current leasing system does not provide a way to systematically consider the climate impacts and costs to taxpayers of Federal coal development." AR 6. Thus, the sufficiency of lease-specific environmental analysis to consider program-level impacts from climate change was a key consideration at multiple points in Federal Defendants' decision-making process on the moratorium.

In opposing supplementation of the record with lease-specific environmental analyses, Federal Defendants recycle their claim that "Plaintiffs offer no reason why any particular factor must be considered." Fed. Defs.' Mot. for Reconsideration, at 11. However, the relevant factor that Federal Defendants were

9

required to consider was the content of the environmental analyses, where Federal Defendants reasoned that a PEIS would be "duplicative" because impacts are being "appropriately" analyzed in lease-specific documents. AR 18. This Court's review of those documents likewise is essential to allow the Court to "evaluate the integrity of the agency's analysis." San Luis & Delta-Mendota Water Auth. v. Locke, 776 F.3d 971, 993 (9th Cir. 2014); Asarco, Inc. v. U.S. Envtl. Prot. Agency, 616 F.2d 1153, 1160 (9th Cir. 1980) (stating that a court cannot "adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters"). As this District held in a case that Federal Defendants have yet to acknowledge or attempt to distinguish in any of their briefs, documents that the agency "itself considered relevant in previous dealings" are properly part of the administrative record to determine whether the agency evaluated all relevant factors. Rock Creek Alliance v. U.S. Fish & Wildlife Service, 390 F. Supp. 2d 993, 999-1001 (D. Mont. 2005).

This Court did not, as Federal Defendants allege "summarily dismiss[]" this issue. Fed. Defs.' Mot. for Reconsideration, at 9. This Court observed that "Federal Defendants' reference to past environmental analyses, citation of specific analyses, and their stated intent to 'continue' to evaluate climate impacts in the same manner all underscore the relevance of Category 3 materials." Order, at 11 [Doc. 85]. The Court's order requiring Federal Defendants "to supplement the

record with Category 3 materials to consider whether the agency considered all relevant factors in determining that the PEIS would be duplicative of lease-specific environmental assessments" was correct. Id.

## CONCLUSION

For the foregoing reasons and those provided in Plaintiffs' briefs in support of their motion to supplement the administrative record [Docs. 76, 79], this Court properly ordered Federal Defendants to supplement the administrative record with lease-specific environmental analyses. Accordingly, Plaintiffs respectfully request that this Court deny Federal Defendants' motion for partial reconsideration.

Respectfully submitted this 7th day of February, 2018,

    /s/ Jenny K. Harbine
Jenny K. Harbine
Earthjustice
313 East Main Street
Bozeman, MT 59715
jharbine@earthjustice.org
(406) 586-9699 | Phone
(406) 586-9695 | Fax

Edward B. Zukoski (*pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
tzukoski@earthjustice.org
(303) 623-9466 | Phone
(303) 623-8083 | Fax

*Counsel for Plaintiffs*

11

Joshua Osborne-Klein (*pro hac vice*)
Wyatt F. Golding (*pro hac vice*)
Ziontz Chestnut
2101 Fourth Avenue, Suite 1230
Seattle, WA 98121
joshok@ziontzchestnut.com
wgolding@ziontzchestnut.com
(206) 448-1230 | Phone
(206) 448-0962 | Fax

*Counsel for Plaintiff Northern Cheyenne Tribe*

Michael Saul (*pro hac vice*)
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
MSaul@biologicaldiversity.org
(303) 915-8308 | Phone

Anchun Jean Su (*pro hac vice*)
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
jsu@biologicaldiversity.org
(510) 844-7100 | Phone
(510) 844-7150 | Fax

*Counsel for Plaintiff Center for Biological Diversity*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF system on all counsel of record.

/s/Jenny K. Harbine
Jenny K. Harbine
