# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY, et al., | **4:17-cv-00030-BMM** |
| Plaintiffs, | |
| and | **ORDER** |
| THE NORTHERN CHEYENNE TRIBE, | |
| Plaintiff, | |
| vs. | |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | |
| Defendants, | |
| and | |
| STATE OF WYOMING, et al., | |
| Defendant-Intervenors. | |
| STATE OF CALIFORNIA, et als., | **4:17-cv-00042-BMM** |
| Plaintiffs, | (consolidated case) |
| vs. | |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | **ORDER** |

Defendants,

and

STATE OF WYOMING, et al.,

Defendant-Intervenors.

This consolidated case began in 2017. The Center for Biological Diversity, Citizens for Clean Energy, Defenders of Wildlife, EcoCheyene, Montana Environmental Information Center, Sierra Club, the Northern Cheyenne Tribe, and WildEarth Guardians filed this action to challenge then-Secretary of the Interior Ryan Zinke's Secretarial Order 3348 ("Zinke Order"). A previous Secretary of the Interior had implemented a moratorium on coal leasing pending environmental review of the federal coal-leasing program. The Zinke Order lifted that moratorium on coal leasing. The State of California, State of Washington, and the State of New Mexico filed identical—now consolidated—challenges to the Zinke Order.

The Court ruled in 2019 that the Zinke Order constituted a major federal action that required environmental review under the National Environmental Policy Act ("NEPA"). (Doc. 141 at 31). The Bureau of Land Management ("BLM") released its Final Environmental Assessment ("Final EA") on February 25, 2020. *See* BLM, Lifting the Pause on the Issuance of New Federal Coal Leases

2

for Thermal (Steam) Coal, Final Environmental Assessment, DOI-BLM-WO-WO2100-2019-0001-EA (Feb. 25, 2020). BLM issued the review "in an effort to be responsive to" the Court's ruling. *Id.* at 3.

BLM concluded that the decision to lift the coal moratorium would not "change the cumulative levels of [greenhouse gas] emissions resulting from coal leasing," *id*. at 26; would not result in any "direct," "indirect," or "cumulative effects" to "socioeconomics," *id*. at 32; and would not "result in direct or indirect effects, or cumulative effects to water resources (i.e., surface water, groundwater, and riparian areas)" beyond those already identified in NEPA analysis for four particular coal leases, *id.* at 39. BLM then issued a Finding of No Significant Impact ("FONSI") based on that Final EA. *See* BLM, Lifting the Pause on the Issuance of New Federal Coal Leases for Thermal (Steam) Coal, Finding of No Significant Impact at 11 (Feb. 26, 2020).

The case has entered a new phase in its fourth year. Plaintiffs now challenge the adequacy of the BLM's Final EA and FONSI. (Doc. 176). The Court adopted a jointly filed scheduling order to set the briefing schedule for this challenge on October 19, 2020. (Docs. 192, 193). Federal Defendants filed an unopposed motion to delay the briefing schedule by 60 days on March 11, 2021. (Doc. 197). Federal Defendants argued for the delay based on the "change in administration" and that the "new administration has publicly listed Secretarial Order 3348 among

the agency actions it intends to review." (Doc. 197 at 2). The Court granted that motion and delayed the briefing schedule. (Doc. 198).

Federal Defendants now seek a 90 day stay in the proceedings. (Doc. 199). Federal Defendants note that now-Secretary of the Interior Deb Haaland issued Secretarial Order 3398 ("Haaland Order") on April 16, 2021. (Doc 199 at 2). The Haaland Order revoked the Zinke Order and directed relevant agencies to submit a report with their "plan and timeline to reverse, amend or update" the policies created to implement the Zinke Order. Sec'y of the Interior, Revocation of Secretary's Orders Inconsistent with Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, Secretarial Order No. 3398 § 5 (Apr. 16, 2021). Plaintiffs in these consolidated proceedings jointly oppose Federal Defendants' request for stay. (Doc. 205). Plaintiffs argue that Federal Defendants failed to demonstrate that a 90-day abeyance proves necessary in light of the threat of significant harm to Plaintiffs' interests that a delay would likely cause. (Doc. 205 at 7).

When a party moves to stay or hold in abeyance judicial proceedings, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Ninth Circuit has identified three such competing interests: "the possible damage which may

result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

The previous and ongoing implementation of the challenged Zinke Memo creates a "fair possibility" that a stay will cause damage to Plaintiffs and others with an interest in the effects of coal leasing. *Lockyer*, 398 F.3d at 1110. Federal Defendants' decision to revoke the federal coal-leasing moratorium opened millions of acres of federal land to coal leasing. Coal leasing impacts Plaintiffs' interests in air quality, water quality, wildlife habitat, cultural sites, and mitigation of climate change impacts. *See Citizens for Clean Energy v. U.S. Dep't of the Interior*, 384 F. Supp. 3d 1264, 1274–75 (D. Mont. 2019). BLM remains capable of issuing coal leases—as it has for more than 4,000 acres of public land since the Zinke Order's publication. (Supp_AR-18). Lease applications remain pending for thousands of acres encompassing at least one billion tons of coal. (Supp_AR-22-23). BLM indicated previously that it planned to issue at least one coal lease since the Court issued its scheduling order. (Doc. 197 at 2). There remains a "fair possibility" that a stay will damage Plaintiffs. *Lockyer*, 398 F.3d at 1110.

Federal Defendants failed to establish "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254. Federal Defendants argue

that a temporary stay would provide time for the new administration to continue to

review the Zinke Order revocation. (Doc. 199 at 2–3). Federal Defendants seem to

imply continued litigation would prove duplicative or perhaps even "moot" in light

of those ongoing policy developments. (Doc. 199 at 2–3). This point fails to

establish hardship. Simply "being required to defend a suit, without more, does not

constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."

*Lockyer*, 398 F.3d at 1112. Depending upon the results of the anticipated agency

review of the challenged Final EA, it is possible that an abeyance could avoid

unnecessary expenses and conserve judicial resources. However, that possibility

proves "speculative." *Pasqua Yaqui Tribe, et al. v. U.S. EPA*, Order Denying

Motion to Hold Case in Abeyance for 90 Days at 4, No. 4:20-cv-00266-RM (D.

Ari. Apr. 12, 2021). Federal Defendants failed to provide a timeline for the six-

month-old federal review process—and that process only will result in a report.

Policy change will take yet more time. Hardship and inequity appear to fall on

Plaintiffs should the Court grant a stay.

The "orderly course of justice" again weighs in favor of stay denial.

*Lockyer*, 398 F.3d at 1110. The Court remains familiar with the legal issues and

record of this case from its previous rulings. The Court adopted a jointly filed

scheduling order to set the briefing schedule for this new litigation phase on

October 19, 2020. (Docs. 192, 193). The parties filed the new administrative record

on November 30, 2020, and amended that record on January 28, 2021. (Docs. 194, 195). Federal Defendants filed an unopposed motion to delay the briefing schedule by 60 days on March 11, 2021. (Doc. 197). The Court granted that motion and delayed the briefing schedule by 60 days. (Doc. 198). That delay already accounted for the new administration and its policy review. Plaintiffs filed their initial Motions for Summary Judgment on May 18, 2021, as the Court directed in the delayed scheduling order. (Docs. 200, 202). Federal Defendants will file their Cross-Motion and Opposition Brief on June 29, 2021. (Doc. 198 at 2). Full briefing will conclude September 21, 2021. (Doc. 198 at 2). This case will be approaching its fifth birthday. Federal Defendants' attempt to delay this case—an attempt filed the *day before* Plaintiffs filed their motions and briefs as scheduled—only would complicate and delay matters. The "orderly course of justice" does not require drawing out this dispute further. *Lockyer*, 398 F.3d at 1110.

The three "competing interests which will be affected by the granting or refusal to grant a stay" all weigh in favor of denial of a stay. *Id.* Further delay in the proceedings may reasonably be expected to damage Plaintiffs' interests. Federal Defendants failed to prove that they would face hardship should litigation proceed as scheduled. The interest in the orderly course of justice further weighs in favor of the Court maintaining the current schedule. It remains doubtful that Federal Defendants can complete their agency review and related policy change

within a reasonable time. A stay proves inappropriate in this case. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (district court abused discretion in staying case where stay was likely to damage plaintiff and it was unclear when stay would lift).

**ORDER**

It is hereby **ORDERED** that Federal Defendants' Motion for Stay (Doc. 199) is **DENIED**. The current Scheduling Order (Doc. 198) remains in effect.

Dated the 3rd day of June, 2021.

_____
Brian Morris, Chief District Judge
United States District Court