Todd Kim
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

Joseph H. Kim, Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-305-0207
joseph.kim@usdoj.gov

*Counsel for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CITIZENS FOR CLEAN ENERGY *et al.* and THE NORTHERN CHEYENNE TRIBE, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR *et al.* <br><br> Federal Defendants, <br><br> and <br><br> STATE OF WYOMING *et al.*, <br><br> Intervenor-Defendants. | Case No. 17-cv-30-BMM (lead consolidated case) <br><br> **FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT** |
| STATE OF CALIFORNIA *et al.* <br><br> v. | 17-cv-42-BMM (consolidated case) |

| | |
|---|---|
| UNITED STATES DEPARTMENT OF THE INTERIOR *et al*. | ) ) ) |
| Federal Defendants. | ) ) ) |

Federal Defendants in these consolidated actions submit this memorandum in support of their cross-motion for summary judgment and in opposition to Plaintiffs' motions for summary judgment and supporting memoranda. ECF Nos. 200, 201 (motion and supporting memorandum for "State Plaintiffs"), and 202, 203 (motion and supporting memorandum for "CCE Plaintiffs").

## INTRODUCTION

These cases are moot. The Secretary of the Interior has revoked the agency action that is at issue and that the Bureau of Land Management ("BLM") analyzed under the National Environmental Policy Act ("NEPA") pursuant to this Court's April 2019 direction. The Court accordingly can provide no effectual relief, and should dismiss these cases.

Plaintiffs' arguments against mootness depend on a misunderstanding of the agency action at issue. The only action of relevance here is the Zinke Order (alternatively, "SO 3348"),[1] which directed BLM to lift a partial leasing pause that

---

[1] "Concerning the Federal Coal Moratorium" (March 29, 2017). Suppl. A.R. 5419-28.

had been imposed by the Jewell Order (alternatively, "SO 3338")[2] approximately 24 months earlier than the pause was originally anticipated to last, and to expedite consideration of coal lease applications moving forward. Zinke Order at 1-2. Plaintiffs challenged the Zinke Order, and this Court ultimately concluded that it was a major Federal action triggering NEPA obligations. Following that, BLM prepared an environmental assessment ("EA") of the Zinke Order's limited scope. BLM explained that only four lease applications had been approved during that 24-month period that would otherwise have been barred by the Jewell Order. On that basis, BLM analyzed the environmental impacts of those leases, including by incorporating and discussing the separate NEPA documents it had already prepared for each of those leases. Thus, what matters here—or what mattered until recently—was whether the challenged EA adequately considered the impacts of the Zinke Order.

But that question no longer presents a case or controversy because the Secretary of the Interior revoked the Zinke Order on April 16, 2021, thus rendering moot any claims directed at the adequacy of the EA. BLM is no longer expediting the consideration of coal lease applications; in fact, no coal leasing has occurred since the April 16 order was issued. Pursuant to the April 2021 Order, the coal

---

[2] "Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program" (January 15, 2016). Suppl. A.R. 4416-17.

leasing program is under review with the opportunity for notice and comment.[3] Should that review result in any major federal action requiring further NEPA analysis, such analysis will be undertaken at that time. In the meantime, however, Plaintiffs would get no relief from an order vacating the Zinke Order, which has already been revoked and has no current effect.

For these reasons, Plaintiffs' motions for summary judgment should be denied as moot, Federal Defendants' cross-motion for summary judgment should be granted, and the consolidated actions should be dismissed.

---

[3] On August 20, 2021, BLM published a notice in the Federal Register of its intent to conduct a review of the federal coal leasing program. That notice solicited public comments, which were received through October 5, 2021. Notice of Intent to Conduct a Review of the Federal Coal Leasing Program and to Seek Public Comment, 86 Fed. Reg. 46873 (August 20, 2021). BLM then summarized the comments in a report posted on its E-Planning site on January 10, 2022. *See* https://eplanning.blm.gov/eplanning-ui/project/2016861/510. The report describes the coal program and previous public engagement efforts, providing context for the current review. BLM's review of the approximately 77,000 comments identified 1,220 unique comments, fifteen percent of which were assigned to a general comment category. The remaining comments were categorized as follows: fair return (12%), climate change (9%), general federal review process (8%), socioeconomics (6%), and coal leasing process (5%). BLM continues to examine the comments to advance its ongoing review of the coal program.

BACKGROUND

The Jewell Order

Former Secretary of the Interior Sally Jewell issued Secretary's Order 3338 on January 15, 2016. The Jewell Order directed BLM "to prepare a discretionary Programmatic Environmental Impact Statement (PEIS) for the purpose of analyzing potential leasing and management reforms to the current Federal coal program." Suppl. A.R. 5419. Relatedly, the Jewell Order also directed BLM, with certain exclusions and exceptions, to "pause in holding lease sales, issuing coal leases, and approving lease modifications" for certain portions of the federal coal leasing program. Suppl. A.R. 5427.[4] As the Order explained, Secretary Jewell issued the pause for the limited purpose of forestalling future leasing decisions so that they could benefit from information generated during BLM's discretionary preparation of a PEIS. *See id.* at 5426-27.

The Zinke Order

Secretary Zinke issued SO 3348 on March 29, 2017. The Zinke Order concluded that the public interest was not served by halting aspects of the Federal

---

[4] The Jewell Order did not apply to "metallurgical coal," to the distinct "coal program on Indian lands," or to actions undertaken by other agencies. Suppl. A.R. at 5418, 5427. The Jewell Order also did not pause lease modifications under 160 acres, emergency leasing, preference right leasing, lease exchanges, or previously issued leasing decisions undergoing remedial NEPA. *Id*. at 5427.

coal program for an extended time, and noted that a PEIS was not "required to consider potential improvements to the program." Suppl. A.R. 4416. The Zinke Order thus revoked the Jewell Order, and directed BLM "to process coal lease applications and modifications expeditiously in accordance with regulations and guidance existing before the issuance of [the Jewell Order]." Suppl. A.R. 4416-17; *see also CCE*, 384 F.Supp.3d at 1272. It further directed that "[a]ll activities associated with the preparation of the Federal Coal Program PEIS shall cease." Suppl. A.R. 4417.

<u>The Court's Decision Resolving the Merits of Plaintiffs' Challenge to the Zinke Order</u>

Plaintiffs filed suit in these consolidated cases and brought several challenges to the Zinke Order, alleging violations of NEPA, the Mineral Leasing Act ("MLA"), the Federal Land Policy and Management Act ("FLPMA"), and trust responsibilities owed to the Northern Cheyenne Tribe. *See CCE*, 384 F.Supp.3d at 1272, 1282. This Court ruled only on the NEPA claims. *Id.* at 1282. It concluded that the Zinke Order was a major Federal action that triggered the application of NEPA, and that the Zinke Order met the requirements for final agency action, thereby subjecting it to review under the APA. *Id.* at 1281. Because BLM had not completed any NEPA analysis for the Zinke Order, the

6

Court held that Federal Defendants' decision not to initiate the NEPA process was arbitrary and capricious. *CCE*, 384 F.Supp.3d at 1281.

With respect to remedy in that phase of the litigation, Plaintiffs had specifically requested that the Court either order BLM to complete the preparation of the PEIS it had begun under the Jewell Order, or alternatively, that the Court order BLM to prepare a supplement to the 1979 PEIS. *CCE*, 384 F.Supp.3d at 1281. The Court declined, explaining that it lacked authority to compel BLM to prepare a PEIS or supplemental PEIS, and that the discretion to choose a form of analysis in the first instance was reserved to BLM. *Id*.

The Supplemental Complaints

In light of the Court's 2019 Order, Federal Defendants undertook and completed an analysis of the Zinke Order under NEPA. *See* Notice of Publication of Finding of No Significant Impact and Environmental Assessment [ECF No. 152]; Order dated May 22, 2020 [ECF No. 170] at 7. This took the form of an EA that analyzed "the Department's issuance of the Zinke Order," and an associated finding of no significant impact ("FONSI"). Suppl. A.R. 6; ECF No. 153 at 44.

Plaintiffs then filed Supplemental Complaints, where they again challenged "Federal Defendants' decision to issue [the Zinke Order]," *see* ECF Nos. 176 ¶ 3;

*see also* 4:17-cv-00042-BMM, ECF 156 ¶ 6, along with its underlying procedural actions, *see* 5 U.S.C. § 704, the corresponding EA and FONSI.

SO 3398 and BLM's Current Management Preferences

Secretary Debra Haaland issued Secretary's Order 3398 (the Haaland Order) on April 16, 2021. *See* ECF No. 199 at ¶ 2. That Order revoked the Zinke Order, as well as other actions not relevant here. *See id*. But the Haaland Order did not reinstate the Jewell Order. *See* Notice of Intent to Conduct a Review of the Federal Coal Leasing Program and to Seek Public Comment, 86 Fed. Reg. 46873 (August 20, 2021) (noting that "the Haaland Order did not reinstitute the Jewell Order"). As a result of the Haaland Order, BLM is no longer subject to the Zinke Order's instruction to expedite the consideration of coal lease applications. Instead, BLM is reviewing the federal coal program and recently solicited public comments for BLM's consideration concerning the scope and content of its review. *See id.*; 86 Fed. Reg. 52174 (September 20, 2021).

ARGUMENT

PLAINTIFFS' CHALLENGES TO THE ADEQUACY OF THE NEPA ANALYSIS FOR THE ZINKE ORDER ARE NOW MOOT

The claims in these cases have become moot and should be dismissed. Under Article III, § 2 of the Constitution, a federal court has jurisdiction only to address actual "Cases" or "Controversies." U.S. Const. Art. III, § 2, cl. 1. "[A]n

8

actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted). Thus, "[a]s with standing," the mootness doctrine provides that "federal courts lack power to make a decision unless the plaintiff has suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). "If one of these required prerequisites to the exercise of judicial power disappears while the litigation is pending, then in the absence of an applicable doctrinal exception, the judicial branch loses its power to render a decision on the merits of the claim." *Id.*

Plaintiffs sought leave to supplement their complaints in order to challenge the adequacy of certain procedural and intermediate agency actions (*see* 5 U.S.C. § 704)—the EA and FONSI—underlying the S.O. at issue in these cases, the Zinke Order. *See* Plaintiffs' Joint Motion for Leave to Supplement Their Complaints [ECF No. 173] at 2. But the Zinke Order has since been revoked. *See* Order dated June 3, 2021 [ECF No. 206] at 4 (recognizing that "[t]he Haaland Order revoked the Zinke Order"). Because of that revocation, Plaintiffs can point to no major Federal action triggering an obligation under NEPA, no injury traceable to the

Zinke Order, and no relief that they could obtain from an order vacating the Zinke Order or its corresponding EA and FONSI.

Significantly, BLM is no longer expediting the consideration of coal lease applications. Suppl. A.R. 4417. In fact, no coal leasing has occurred since the April 16 order was issued. Pursuant to the April 2021 Order, the coal leasing program is under review with the opportunity for notice and comment. *See* 86 Fed. Reg. 46873; 86 Fed. Reg. 52174. Should that review result in any major federal action requiring further NEPA analysis, such analysis will be undertaken at that time. In the meantime, however, Plaintiffs would get no relief from an order vacating the Zinke Order, which has already been revoked and has no current effect.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court grant their cross-motion for summary judgment, deny Plaintiffs' motions for summary judgment as moot, and dismiss these cases.

Respectfully submitted this 13th day of January 2022.

>Todd Kim
>Assistant Attorney General
>U.S. Department of Justice
>Environment and Natural Resources
>Division

    /s/ *Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044 202-305-0207

*Counsel for Defendants*

Of Counsel:

Kristen C. Guerriero
John S. Most
Office of the Solicitor
U.S. Department of the Interior

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record.

                               /s/ *Joseph H. Kim*
                               Joseph H. Kim
                               *Counsel for Defendants*